The plaintiff complains that her case was discontinued contrary to the provisions of § 193 of the Practice Book in that no notice was given to her. The counsel of record had resigned from the bar on February 6, 1959, and the case was discontinued on May 6, 1960. There is no evidence or claim *Page 206 
that the clerk of this court did not follow the rules as prescribed by the Practice Book. It is the contention of the plaintiff that inasmuch as the counsel of record had resigned prior to giving of notice, he could not be counsel of record. There is no requirement under the rules that the notice be sent to the plaintiff as such, unless she had appeared pro se.
The petitioner is relying upon the general equity powers inherent in the court to set aside the discontinuance. "It is a well-established principle that courts of equity will not relieve against the operation of judgments rendered through the negligence or inattention of the party claiming to be aggrieved or his attorney. . . . Equity will not, save in rare and extreme cases, relieve against a judgment rendered as the result of a mistake on the part of a party or his counsel, unless the mistake is `unmixed with negligence,' or to use the language of this court, `unconnected with any negligence or inattention on the part of the [party concerned],' or, to quote again, `when the negligence of the party is not one of the producing causes.'" Jarvis v. Martin, 77 Conn. 19,21. "Underlying [this policy] is the principle of universal authority whose base is public policy, and is expressed in the maxim Interest reipublicae ut sitfinis litium . . . ." Hayden v. R. Wallace SonsMfg. Co., 100 Conn. 180, 187.
The plaintiff did not act with reasonable diligence. If she had, she would have been apprised of her position. The negligence or inattention of an attorney is the negligence or inattention of the client.Jarvis v. Martin, supra; Hayden v. R. Wallace Sons Mfg. Co., supra, 186.
Attention is called to § 52-592 of the General Statutes, entitled "Accidental failure of suit; allowance of new action," which reads in part: "If any action . . . has been erased from the docket for want of *Page 207 
jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action for the same cause at any time within one year after the determination of the original action . . . ." Where, therefore, the words are added, "or the action has been otherwise avoided or defeated by the death of a party or for any matter of form," the obvious intention was to make the statute exceedingly broad and sweeping in its scope. The phrase "any matter of form" was used in contradistinction to matter of substance, which embraces the real merits of the controversy between the parties. The phrase refers to the mode of procedure, so that any misconception as to the remedy may be included.Johnston v. Sikes, 56 Conn. 589, 591. The provision of the statute is remedial in its character. It was passed to avoid hardships arising from an unbending enforcement of limitation statutes. Those hardships are the same in character whether the statute be one which concerns the remedy only, or the right as well as the remedy. It should be so construed as to advance the remedy rather than to retard it. Johnson v. Wheeler, 108 Conn. 484, 486. In this case, we can see of what the matter of form consisted.
Accordingly, the court denies the motion and leaves the plaintiff to her rights by adopting other procedures.
 Motion is denied.