## New Milford Block Company, Inc. *v.* Charles A. Ericson

### Appellate Division of the Circuit Court

File No. CV 3-632-1943

Argued March 16—decided August 31, 1964

*Harry Cohen,* of New Milford, for the appellant (plaintiff).

*Howard J. Moraghan,* of New Milford, for the appellee (defendant).

Pruyn, J. The plaintiff brought this action to recover the sum of $242.70 alleged to be owed by the defendant by book debt, to balance book accounts. The defendant pleaded res judicata as a special defense, alleging that the plaintiff had instituted a small claims suit against the defendant in the sum of $234.70, an entry fee of $3 was paid and the cost

of service of process was $5, the total thus being $242.70; that judgment by default for failure to appear and prosecute was entered against the plaintiff and a motion by the plaintiff to open the judgment was denied; and that such judgment was res judicata as between the parties. The plaintiff's demurrer to the special defense was overruled, and the plaintiff replied, admitting the institution of the small claims action, the entry of judgment by default therein, and the denial of its motion to open the judgment, and alleging that the present action was brought under § 52-592 of the General Statutes.[1]

At the trial the defendant, by stipulation, admitted the book debt in the amount of $234.70, no evidence was offered, and the court took judicial notice of the small claims action. The court rendered judgment for the defendant on the ground that the small claims judgment was final, conclusive, and nonappealable, and was res judicata as between the parties.

The principal question of law raised by the plaintiff's assignment of errors is whether the defendant has pleaded and proved the essential elements of his defense of res judicata. Res judicata is a well-recognized and long-established principle of law. "Where there is an identity of actions between the same parties, or where the actions, though not identical, do raise identical issues, or where some issue is necessarily involved in both actions, and those issues are litigated before and finally deter-

---

[1] "Sec. 52-592.  ACCIDENTAL FAILURE OF SUIT; ALLOWANCE OF NEW ACTION.  If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . or if a judgment of nonsuit has been rendered . . . , the plaintiff . . . may commence a new action for the same cause at any time within one year after the determination of the original action . . . . The provisions of this section shall apply . . . to any action between the same parties . . . for the same cause of action or subject of action brought to any court in this state . . . ."

mined by a court of competent jurisdiction, they become *res adjudicata* as to the parties and those who are in privity with them. . . . The reason for this long-established rule is, that a right or exemption once given by a court of competent jurisdiction, should not again be litigated. 'The policy of the law is . . . that if a claim has once been passed upon by a court of competent jurisdiction it shall not thereafter be controverted between the same parties, and this is in the interest of peace.'" *Brady* v. *Anderson,* 110 Conn. 432, 435, and cases cited. Two requirements are necessary: (a) identity of cause of action or of issues, and (b) an adjudication on the merits. "A final judgment on the merits is conclusive on the parties to an action and their privies as to the cause of action involved. If the same cause of action is again sued upon, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made." *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196; *Lehrman* v. *Prague,* 115 Conn. 484, 490, and cases cited.

In the case before us, the court found that the small claims action was on a book account. Although the record of that action reveals that it was brought to recover $234.70 for "merchandise bought," in view of the stipulation of the parties and their statements in open court we cannot say that the court was incorrect in its finding.

The judgment in the small claims action was not on the merits. It was, as the court found and the defendant admitted, a judgment by default for the defendant for the failure of the plaintiff to appear and prosecute its suit. This judgment was in effect a judgment of nonsuit. "Generally speaking, a nonsuit is the name of a judgment rendered against a plaintiff in a legal proceeding upon his inability

to maintain his cause in court, or when he is in default in prosecuting his suit or in complying with the statutes or orders of the court." *Galvin* v. *Birch,* 98 Conn. 228, 232; see also *Darton* v. *Sperry,* 71 Conn. 339, 345.

As a defense to this action the defendant, and the court in its conclusions, relied on the Circuit Court rule which provides as follows: "The judgments and decisions rendered in the small claims session of the circuit court are final, conclusive and non-appealable." Practice Book § 918. Rules of court are designed to regulate "pleading, practice and procedure in judicial proceedings . . . for the purpose of simplifying the same and of promoting the speedy and efficient determination of litigation *upon its merits"* (italics supplied). General Statutes § 51-14 (a). Specific provisions for the hearing and determination of small claims are provided for in § 51-15. "Such rules shall not abridge, enlarge or modify any substantive right . . . ." § 51-14 (a); *Ackerman* v. *Union & New Haven Trust Co.,* 91 Conn. 500, 505. The general purpose of the small claims rules, adopted by the judges of the Supreme Court of Errors pursuant to the authority conferred on them by § 51-14, is "to secure the prompt and inexpensive hearing and determination of small claims by simplified procedure." Practice Book § 889. When, in a small claims case, the plaintiff fails to appear for a hearing, "the court may dismiss the claim for want of prosecution, or enter a finding on the merits for the defendant, or make such other dispositions as may be proper." Practice Book § 915. Thus, the rules recognize a distinction between a judgment by default, as in the small claims suit involved in the case at bar, and an adjudication on the merits. The fact that the Small Claims Court denied the plaintiff's motion to open the judgment does not make it a judgment

on the merits. The merits of the plaintiff's claim have never been adjudicated.

The history of small claims procedures goes back several centuries. In 1605, an act of Parliament established procedures "for the recovering of small debts, and for the relieving of poor debtors, in London," providing a summary method of collecting debts of less than forty shillings. 3 Jac. 1, c. 15. Again, a similar statute was enacted in 1741. 14 Geo. 2, c. 10. However, it was not until the twentieth century that such procedures were adopted in the United States, first in Chicago in 1915, then in Massachusetts in 1920, and thereafter in other states, including Connecticut in 1929. Public Acts, 1929, c. 93; 8 J. Am. Jud. Soc'y 247. "The essential features of a small claims court are extremely low costs or none at all, no formal pleadings, no lawyers, and the direct examination of parties and witnesses without formality by a trained judge who knows and applies the substantive law." R. H. Smith, Justice and the Poor, p. 56 (Carnegie Foundation Bull. No. 13, 1919). "It is apparent that such a court was established in order to offer a means of obtaining speedy settlement of claims of small amounts. The theory behind its organization is that only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum. Consequently, the small claims court functions informally and expeditiously. The chief characteristics of its proceedings are that there are no attorneys, no pleadings and no legal rules of evidence; there are no juries, and no formal findings are made on the issues presented. At the hearings the presentation of evidence may be sharply curtailed, and the proceedings are often terminated in a short space of time. The awards—although made in accordance with substantive law—are often

based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings." *Sanderson* v. *Niemann,* 17 Cal. 2d 563, 573; see generally R. H. Smith, "Small Claims Procedure Is Succeeding, 8 J. Am. Jud. Soc'y 247; Pound, "The Administration of Justice in the Modern City," 26 Harv. L. Rev. 302, 315; comment, "Small Claims Courts," 34 Colum. L. Rev. 932; *Leuschen* v. *Small Claims Court,* 191 Cal. 133, 136-138.

In some states appeals are allowed; in others, limited appeals are permitted; and in still others, as in Connecticut, appeals are forbidden. Courts have recognized the finality of a small claims judgment. "It is self-evident that the usefulness of this institution demands that in general finality attach to its pronouncements. . . . The litigants for whose benefit the Small Claims Part was created ought to have the feeling that its decision is the end, not a mere intermediate stage, of their lawsuit." *Levins* v. *Bucholtz,* 298 Misc. 597, 600 (N.Y.). But that does not mean that the doctrine of res judicata is applicable to small claims judgments in every case. The New York statute, for example, provides that such a judgment may be pleaded as res judicata only as to the amount involved "and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court." N.Y.C. Munic. Ct. Code § 186; *Kroll* v. *Ippolipo,* 184 Misc. 596, 597 (N.Y.). Because of the informality of the small claims hearing, the absence of counsel to present any substantive defense, and the lack of necessity for complying with the strict rules of evidence, it might not be in the interests of justice to apply the rule of res judicata. *Sanderson* v. *Niemann,* supra, 574. And this is especially true where, as here, one of the basic elements of the doctrine of res judicata, adjudication on the merits, is lacking.

While the small claims rule (Practice Book § 918) makes the small claims judgments and decisions "final, conclusive and nonappealable," that does not mean that they may not be attacked by orderly processes of law. *Newington* v. *Mazzoccoli,* 133 Conn. 146, 153; *Connecticut Mutual Life Ins. Co.* v. *Rogers,* 113 Conn. 14, 16; *Brown* v. *Cray,* 88 Conn. 141, 147; *Woodruff* v. *Chapin,* 83 Conn. 330, 331. One of such orderly processes is appeal, but this is specifically excluded by the rule; another is a motion to open the judgment; General Statutes § 52-212; and a third one is a new action if the circumstances bring the matter within the provisions of § 52-592, previously quoted in part in the footnote. The judgment in the small claims action here involved is a final judgment in the sense that it "disposes of the cause, and places the parties out of court." *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 31. It is not, however, conclusive, for "[i]t does not conclude the parties as to the cause of action involved in the case, because it is not a final determination of the substantive rights of the parties." *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196.

We conclude, therefore, that the plaintiff is not precluded by the Circuit Court rule of procedure above quoted from bringing this action, that the defense of res judicata is not effective, the former judgment not being on the merits, and that the plaintiff is entitled to recover the sum of $234.70, admittedly due, but not the amount of the costs awarded against it in the small claims action.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover $234.70.

In this opinion JACOBS, J., concurred.

DEARINGTON, J. (dissenting). My inability to concur with the majority opinion is due to a conviction that the provisions of § 52-592 of the General Statutes relating to a nonsuit were not available to the plaintiff for the reason that the action does not fall within the purview of this statute. Furthermore § 918 of the Practice Book would in my opinion bar the present action.

Ordinarily, a nonsuit which has been entered for failure to appear on the trial date, and not for failure to make out a prima facie case under § 52-210 of the General Statutes, becomes a final judgment from which an appeal will lie. *Gryskiewicz* v. *Morgan,* 147 Conn. 260, 261; see § 52-211. Here, however, the plaintiff would gain little relief from our law in this respect, for Practice Book § 918 would bar an appeal from any determination in a small claims session. In an attempt to avoid the absoluteness of § 918, the plaintiff has instituted an action identical to that determined by the small claims session. The plaintiff has now brought an action under the provisions of § 52-592. The legislative intent of § 52-592 may be derived to some extent from its title "Accidental failure of suit; allowance of new action." Furthermore, § 52-592 is included under chapter 926, entitled "Statute of Limitations." See *Baker* v. *Baningoso,* 134 Conn. 382, 387. Section 52-592 is remedial in character and permits further action, which might otherwise be frustrated, for the purpose of avoiding the hardship arising from an unbending enforcement of limitation statutes in those cases which fall within its purview. *Dirton* v. *McCarthy,* 22 Conn. Sup. 205, 207. "Since the reference to nonsuit in the statute appears in context with verdicts and arrest of judgment, it would appear that the nonsuit referred to is the nonsuit granted at trial for insufficiency of evidence." Stephenson, Conn. Civil Proc. § 124(f). Here no evi-

dence was presented, and furthermore, the Statute of Limitations was not a factor. The only other portion of the statute which could be said to apply is that which provides for the granting of relief where the action has been "otherwise avoided or defeated . . . for any matter of form." Failure to appear however, could hardly be said to be a "matter of form" within the intendment of this statute. "The phrase refers to the mode of procedure, so that any misconception as to the remedy may be included." *Dirton* v. *McCarthy,* supra. For these reasons this action does not fall within the purview of § 52-592.

Even if it be contended, as it is, that the judgment of nonsuit falls within the purview of § 52-592 the plaintiff would still be confronted with § 918 of the Practice Book. The Supreme Court of Errors, pursuant to legislative authority (General Statutes § 51-14), created the small claims session for the general purpose of securing "the prompt and inexpensive hearing and determination of small claims by simplified procedure." Practice Book § 889. One of the rules adopted to carry out this general purpose provides: "The judgments and decisions rendered in the small claims session of the circuit court are final, conclusive and nonappealable." Practice Book § 918. The language here used is clear, strong and unequivocal and in fact could hardly be expressed more forcibly. It perhaps should be pointed out that statutes, orders and rules inconsistent with or superseded by rules relating to the small claims session "shall be deemed to be repealed, to the extent necessary to render such orders and rules effective." General Statutes § 51-15.

The plaintiff was not compelled to institute its action in the small claims session, for it had a right to return its action to the regular civil session; when

it elected to return its action to the small claims session, it was barred from transferring its case to the regular civil docket (Practice Book § 912) and it also brought itself under the operation of Practice Book § 918. The containing effect of this rule (§ 918) is modified to some extent, for a litigant may move to open a judgment. The plaintiff did move to open, and its motion was denied. The record does not indicate the reason for the denial. One reason could have been because the plaintiff failed to show "reasonable cause" as defined in General Statutes, § 52-212 (reopening judgment upon default or nonsuit). While it is not necessary in our review to consider § 52-212, its provisions do indicate, by analogy, the extent to which a trial court may exercise its discretion in such matters. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 34; *Jacobson* v. *Robington,* 139 Conn. 532, 536; *Gryskiewicz* v. *Morgan,* 147 Conn. 260, 261.

The cases cited in the majority opinion, such as *Brady* v. *Anderson,* 110 Conn. 432, and *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, expressing the rule that an issue must be litigated on its merits before it becomes res judicata, do not involve issues originally tried in a small claims session, and the operative effect of Practice Book § 918 was therefore not a factor.

It is said that Practice Book § 915 recognizes a distinction between a mere nonsuit and an adjudication on the merits. The construction accorded this rule by the majority opinion leads to the conclusion that there must be a hearing on the merits before a judgment is entered which can be properly pleaded as res judicata. In the small claims session, however, entering a finding on the merits is but one of several dispositions which are available. The trial court may "make such other dis-

positions as may be proper." § 915. A nonsuit is one of "such other dispositions." It is a final determination by the court, acting within the rules peculiar to a small claims session, and such disposition cannot be disturbed unless reopened or otherwise modified at a small claims session. This is so because of § 918. This section makes no distinction as to the method a court must adopt before it arrives at a proper disposition. The finality of § 918 is as formidable in an oblique attack as it is in a frontal attack. If the rule is not a salutary one, and I believe it is, it is not the function of this court to enervate it. That is a matter for the Supreme Court of Errors to consider. Moreover, this court is expressly denied the right to review any matter arising out of a small claims session. General Statutes § 51-265.

It perhaps should be pointed out that the plaintiff's pleadings deserve some consideration. In its reply it merely alleges that "plaintiff brings its action under Sec. 52-592 of the General Statutes." It is doubtful that such a naked allegation is proper. In *Dillon* v. *Millot,* 17 Conn. Sup. 1, 3, the plaintiff relied on what is now § 52-592 of the General Statutes. While a demurrer filed by the defendant was overruled for reasons other than a consideration of that statute, the court stated, "However, it may be well to suggest that where . . . [§ 52-592] is relied upon it would seem that the allegations necessary to bring the matter within the purview of that statute should appear either by anticipation in the complaint or in the reply to a defense of the Statute of Limitations [here, a defense of res judicata], in order that the defendant might, if he chose, plead to them."

The judgment should stand.