CHARLOTTE RICHARDS *v.* GREYHOUND LINES, INC.

CIRCUIT COURT

FOURTEENTH CIRCUIT
FILE NO. CV 14-7111-61944

Memorandum filed February 14, 1972

*William R. Breetz, Jr.,* of Hartford, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the defendant.

BIELUCH, J. On October 31, 1969, the plaintiff brought a prior action against the defendant, an interstate common carrier, for loss of baggage during her transportation from Hartford to Washington, D.C., on August 25, 1969. The defendant moved for a judgment of nonsuit for failure of the plain-

tiff to reply. The court, however, on November 30, 1970, ordered a "Nonsuit only." The plaintiff on October 6, 1971, moved to set aside this nonsuit pursuant to § 283 of the Practice Book. The court denied this motion eight days later. The defendant at no time subsequent to November 30, 1970, requested, nor did the court thereafter enter, a judgment of nonsuit, but both parties have assumed the entry of such judgment.

A nonsuit ordered by the court under § 283 of the Practice Book should be followed by the formal entry of a judgment, but a denial to set aside such a nonsuit terminates the action in court with the equivalent finality of a judgment and is appealable. See *Jaquith* v. *Revson*, 159 Conn. 427, 430–32; *Gryskiewicz* v. *Morgan*, 147 Conn. 260, 261; 1 Kaye & Moller, Conn. Practice, pp. 302, 306; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 156, pp. 625–26 (contra to Kaye & Moller as to how and when the judgment of nonsuit is entered after an order therefor). The court sua sponte hereby orders the entry of a judgment of nonsuit in the prior action in order to conform the docket file therein to the facts and supposition of the parties thereto and directs that a signed copy of this memorandum be attached to that file.

On October 28, 1971, the plaintiff reinstituted this action. The defendant has filed a plea in abatement, alleging that the court is without jurisdiction because the parties and issues are identical to the earlier action which has already been decided. To this the plaintiff has demurred, claiming that the action is authorized by General Statutes § 52-592. This law, popularly called "The Accidental Failure of Suit Statute," was intended to toll the running of the Statute of Limitations in an accidental failure of suit on account of reasons specified, including a judgment of nonsuit. *Gallo* v. *G. Fox & Co.*, 148

Conn. 327, 329. Section 52-592 applies to prevent the claim now before the court from being barred by the Statute of Limitations or res adjudicata. *Gallo* v. *G. Fox & Co.*, supra; *Anderson* v. *Gregory*, 43 Conn. 61, 63; *New Milford Block Co.* v. *Ericson*, 3 Conn. Cir. Ct. 1, 3–5. Stephenson, op. cit., pp. 626–27, suggests a different result should obtain on principle after a disciplinary, as distinguished from an evidentiary, nonsuit. The Judicial Council of Connecticut, in its Twenty-second Report, December, 1970, at page 21, proposed an amendment to § 52-592 for this purpose.

Of course, if the Statute of Limitations has not run on the plaintiff's case, he is free to initiate a new suit on the same cause since a judgment of nonsuit merely terminates the instant action and is not a judgment on the merits. Stephenson, op. cit., p. 626; Kaye & Moller, op. cit., p. 301. The parties have apparently assumed that the plaintiff's cause is barred by the Statute of Limitations and therefore depends upon the accidental failure of suit statute for any survival after the nonsuit. That supposition, however, while suggested, is not necessarily confirmed, by the pleadings. Since the baggage was left with the defendant for transportation in interstate commerce, the rights and liabilities of the parties concerning the loss of it are governed by federal legislation as construed and applied in federal tribunals. *Zeidenberg* v. *Greyhound Lines, Inc.*, 3 Conn. Cir. Ct. 176, 178 (in which the court limited liability for loss of baggage to the amount specified on the baggage check). The Carmack amendment of 1906 to the Interstate Commerce Act, 34 Stat. 584, as amended, 49 U.S.C. § 20 (11), (12) (1970), is made applicable to interstate motor vehicle common carriers by the Motor Carrier Act of 1935, now Part 2 of the Interstate Commerce Act. 49 U.S.C. § 319 (1970). In establishing the carrier's liability for

shipments, the Carmack amendment provides "That it shall be unlawful for any . . . common carrier to provide by rule, contract, regulation, or otherwise a shorter period for the filing of claims than nine months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice." 49 U.S.C. § 20 (11) (1970).

The issues raised by the defendant's plea in abatement could alternatively have been pleaded by the special defenses of res adjudicata and Statute of Limitations. Practice Book § 120. The demurrer properly attacks such a plea in abatement. See *Johnson* v. *Wheeler,* 108 Conn. 484, 485.

The demurrer to the plea in abatement is sustained.