[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING MOTION TO DISMISS PERSONAL INJURY ACTION AGAINST MUNICIPALITY
On March 9, 1990, the plaintiff, Veronica Costello, filed this one count complaint against the defendant City of Norwalk. The complaint is brought pursuant to Conn. Gen. Stat. section 52-593, within one year of January 2, 1990, the date on which the civil action entitled Costello v. Randel, was terminated by the entry of summary judgment for the defendants for failure to name the correct person as defendant.
The complaint alleges that the plaintiff while in the exercise of due care sustained injuries when the tripped and fell on a sidewalk which the defendant City of Norwalk was allegedly duty bound to maintain and keep in proper repair. Plaintiff alleges that the fall was caused by a dangerous, defective condition which existed upon said sidewalk, specifically, a broken, irregular and uneven pavement surface combined with an accumulation of sand, dirt and small stones. Defendant City of Norwalk has filed a motion to dismiss the plaintiff's complaint. In its motion, defendant City of Norwalk claims that the court lacks jurisdiction because (1) this action was not brought within two years of the injury as required by Conn. Gen. Stat. section 13a-149; (2) advance notice of suit was not given to the city clerk as required by Conn. Gen. Stat. section 13a-149; and (3) the action was not brought within two years as required by the two year limitation for negligence actions as mandated by Conn. Gen. Stat. section 52-584. Memoranda relative to the motion have CT Page 4270 been filed by the parties.
"The motion to dismiss shall be used to assert: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Conn. Practice Bk. section 169 (rev'd to 1989). "The motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State of Connecticut, 190 Cnr. 622, 624 (1983), citing Pearson v. Bridgeport Hydraulic Co., 141 Conn. 646, 648
(1954). "Any claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed in the sequence provided in sections 112 and 113 and within the time provided by section 142." Conn. Practice Bk. section 142. "The motion to dismiss shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."
The defendant contends that plaintiff's case was not brought within the strict provisions of Conn. Gen. Stat. section 13a-149 which governs damages for injuries by means of defective roads and bridges. Defendant maintains that this matter was commenced by way of a complaint dated February 22, 1990, approximately five years after the date of the injury, and therefore the maintenance of this action is clearly in violation of the limiting provisions of section13a-149.
Secondly, the defendant contends that the plaintiff's statutory notice of injury, addressed to the "Town" Clerk, is totally defective in that it does not specifically comply with the requirement of section 13a-149 that the "City" Clerk be noticed. Defendant maintains that, accordingly, plaintiff's suit must, by law, be dismissed.
Thirdly, defendant claims that service of process in this matter is totally defective in that it has not been made in compliance with Conn. Gen. Stat. section 52-57, which provides that service upon a municipality must be effected by service upon said municipality's city clerk.
In plaintiff's memorandum of law in opposition to the defendant City of Norwalk's motion to dismiss, plaintiff claims that Conn. Gen. Stat. section 52-593 permits this section 13a-149 action. Plaintiff claims, additionally, that notice was properly served in that, while it is directed to the town clerk, it is embossed with a receipt acknowledgement signed by a person who is listed in the 1986 Connecticut CT Page 4271 State Register and Manual as an assistant city clerk. Plaintiff also argues that her second complaint (i.e., this action) was properly served pursuant to Conn. Gen. Stat. section 52-57(b)(2) in that the sheriff's return on her second complaint indicates that it was served upon Robert J. Dakers, Assistant to the Mayor and City Clerk who accepted service for the City of Norwalk. Plaintiff claims that under the circumstances, plaintiff's service was proper, given the way that Mr. Dakers identifies himself.
Savings Statute
Conn. Gen. Stat. section 52-593 states as follows:
 Action against wrong defendant, allowance of new action. When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. If service of process in the original action has been made upon an agent of the defendant named in the new action, or if the defendant in the new action is a corporation, notice of any claim for damage shall be sufficient if given in the original action, pursuant to statutory provisions, to any officer or agent of the defendant in the new action.
In Morrissey v. Board of Education, 40 Conn. Sup. 266,268 (1985), the court stated:
 Like its companion statute, section 52-592, entitled "accidental failure of suit; allowance of one action," section 52-593 is intended "to avoid the hardships arising from an unbending enforcement of limitation statutes." Cf. Gallo v. G. Fox 
Co., 148 Conn. 327, 329 (1961). It, too, is remedial and should be liberally interpreted. Baker v. Baningoso, 134 Conn. 382, [3]87 (1948). In short, "[i]t should be so construed as to advance the remedy rather than to retard it." Duton v. McCarthy, 22 Conn. Sup. 205, 207, 166 A.2d 207 (1960).
In Lacasse v. Burns, 214 Conn. 464, 468-471 (1990), the Connecticut Supreme Court considered the issue of whether the legislature, by waiving the state's sovereign immunity in CT Page 4272 section 13a-144, intended that procedural statutes and rules of court be applied to the state, just as they would be applied to any other litigant. The court in Lacasse concluded that the legislature so intended.
 We have long held that, once involved in an action, the state enjoys the same status as any other litigant. Thus, for example, the state, when it brings an equitable action, opens "the door to any defense or cross-complaint germane to the matter in controversy. . . . A sovereign who asks for equity must do equity." State v. Kilburn, supra, 12. "[B]y bringing an action, the State subjects itself to the procedure established for its final and complete disposition in the courts, by way of appeal or otherwise." Reilly v. State, 119 Conn. 217, 220, 175 A. 582 (1934); see State v. Hartford Accident Indemnity Co., 136 Conn. 157, 160 n. 1, 70 A.2d 109 (1949); Winchester v. Cox, 129 Conn. 106, 113, 26 A.2d 592 (1942). We see no reason to depart from this principle when, as in these cases, the state has specifically waived its sovereign immunity and the procedural statute in question affects only the time during which the suit may be brought rather than the potential amount of the state's liability. Cf. Korb v. Bridgeport Gas Light Co., 91 Conn. 395, 402, 99 A. 1048 (1917) (accidental failure of suit statute applicable regardless of whether the statute of limitations is one which concerns the remedy only, or the right as well as the remedy); see Isaac v. Mount Sinai Hospital, 210 Conn. 721, 726-29, 557 A.2d 116
(1989).
 Our conclusion that the state is to be treated as any other litigant after being summoned to defend itself pursuant to section 13a-144 is bolstered by the very language of section 52-592, our accidental failure of suit statute. A plaintiff, by the terms of the statute, may "commence a new action. . . for the same cause at any time within one year," when "any action, commenced within the time limited by law, has failed" for any one or more of the enumerated reasons. (Emphasis added). General Statutes section 52-592(a). "This language certainly is general and comprehensive. It neither embodies exceptions or reservations, nor suggests any." Korby v. Bridgeport Gas Light Co., supra, 401. Further, we have consistently held that section 52-592 is remedial in nature and thus, CT Page 4273 should be broadly and liberally construed. Isaac v. Mount Sinai Hospital, supra, 728, and cases cited therein. We concluded, on the basis of the language and evident purpose of section 52-592, that the trial court erred in concluding that the doctrine of sovereign immunity was applicable to the plaintiffs' actions, since the statute is procedural in nature and is to be applied, absent further guidance from the legislature, to the state in the same manner as it would be applied to any other litigant.
Lacasse v. Burns, 214 Conn. 464, 468-471 (1990).
The Supreme Court's reasoning in Lacasse should be applied to the case at hand, since both section 52-593 and section 52-592 should be liberally interpreted to advance the remedy and avoid hardships arising from unbending enforcement of limitation statutes. See Morrissey v. Board of Education, supra.
Notwithstanding the foregoing analysis, the Court does not have sufficient facts or allegations to deny the motion to dismiss. The missing critical facts concern whether the original notice in the Costello v. Randall case actually was given to and timely received by the Clerk of the City of Norwalk for the purposes subject of Conn. Gen. Stat. section13a-149. Although the complaint alleges that such notice was given on July 22, 1985 to the Town Clerk, pursuant to Conn. Gen. Stat. section 13a-149, the plaintiff stresses that that notice was in fact given to the City Clerk of the City of Norwalk since it was received by a person listed in the 1986 Connecticut State Register and Manual as an assistant City Clerk.
A determination as to whether notice was actually given to and timely received by the City Clerk for purposes contemplated by Conn. Gen. Stat. section 13a-149 requires additional evidence, which is not in the record. See Sizer v. Waterbury, 113 Conn. 146, 155 (1931).
Clarance J. Jones, Judge.