[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
I. FACTS
This action is a tax appeal pursuant to General Statutes Sec. 12-118. The plaintiffs, Allan B. Tolhurst and Eleanor Tolhurst filed an amended application dated June 18, 1992, appealing an assessment of property located in East Hampton on the October 1, 1990, grand list. The plaintiffs contest the assessment of property described West Avenue, Parcel Identification 03A/44C/16.
The plaintiffs allege that the valuation made by the assessor of the defendant Town of East Hampton was grossly excessive, disproportionate and unlawful. The plaintiffs further allege that they duly appealed the valuations of their properties to the East Hampton Board of Tax Review (the "Board"), which did not alter the valuations. The plaintiffs also allege that the Board failed to hold or conduct a proper and fair hearing as required by the General Statutes thereby denying the plaintiffs of their right to appeal the valuation of their property.
The plaintiffs were originally a party to an application dated May 14, 1991, involving six counts concerning eight parcels located in the Town of East Hampton. The eight original plaintiffs, parties with various combinations of joint and sole ownership in the parcels, appealed from eight separate decisions of the defendant East Hampton Board of Tax Review concerning the assessments on the October 1, 1990 list of the eight parcels.
In the original action, the defendant filed a motion CT Page 6344 to strike the action for improper joinder of causes of action pursuant to Practice Book Sec. 152(4) on March 17, 1992. By a decision dated June 8, 1992, the court, Austin, J., granted the motion to strike on the ground that the six counts were misjoined because there was no plaintiff with an interest in all eight subject parcels.
In this action, the defendant filed a motion to dismiss dated August 4, 1992, pursuant to Practice Book Sec. 142. The defendant's motion was accompanied by a memorandum of law. The plaintiffs filed a memorandum of law in opposition to the motion to dismiss dated September 25, 1992.
II. DISCUSSION
"Practice Book Sec. 143 provides in relevant part: `The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . .'" Southport Manor Convalescent Center Inc. v. Foley, 216 Conn. 11, 12 n. 1,578 A.2d 646 (1990). A claim that the plaintiff "lacks standing is a challenge to the subject matter jurisdiction of the trial court." Nationwide Mutual Ins. Co. v. Pasion, 219 Conn. 764,767, 594 A.2d 468 (1991); Monroe v. Horwitch, 215 Conn. 469,472, 576 A.2d 1280 (1990). "The motion to dismiss. . . `admits all facts well pleaded, invokes the existing record and must be decided upon that alone.'" Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988).
Practice Book Sec. 142 provides:
 Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so within thirty days of the filing of an appearance. Except in summary process matters, the motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the court directs otherwise.
McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 517 n. 6,590 A.2d 438 (1991).
Practice Book Sec. 143 provides: CT Page 6345
 "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."
Burton v. Planning Commission, 209 Conn. 609, 611 n. 2,553 A.2d 161 (1989).
The defendant argues the motion to dismiss should be granted because the plaintiffs' tax appeal was not brought within two months of the action of the East Hampton Board of Tax Review as required by General Statutes Sec. 12-118. The defendant claims that the Board of Tax Review considered the plaintiffs' appeal and rendered a decision on March 28, 1991. The defendant argues that under General Statutes Sec. 12-118, the plaintiffs had until May 28, 1991, to timely file an appeal. The defendant argues that because the plaintiffs did not file their appeal until June of 1992, it was not timely filed and should be dismissed.
The plaintiffs argue that they have complied with the two month filing period set forth in General Statutes Sec.12-118. The plaintiffs argue that their tax appeal application was originally filed on May 14, 1991, and was served on the defendant on May 17, 1991, with a return date of June 11, 1991. The plaintiff argues that when the court, Austin, J., granted a motion to strike on June 8, 1992, the plaintiffs filed an amended application on June 19, 1992 pursuant to Practice Book Sec. 157. The plaintiffs claim that the amended application relates back to the original filing of May 14, 1991.
The plaintiffs argue that even if their amended application doesn't relate back, their original application failed as "a matter of form" and they may avail themselves of the accident failure of suit statute, General Statutes Sec.52-592.
General Statutes Sec. 12-118 provides is that any CT Page 6346 person who is bound to pay property taxes and is claimed to be aggrieved by the findings "of the Connecticut appeals board for property valuation may, within two months from the time of such action, make application, in the nature of any appeal therefrom, to the superior court for the judicial district which includes the town or city in which the property constituting the subject of such appeal is situated. . ."
For the purposes of this action, the plaintiffs' appeal was filed on June 18, 1992. Although the plaintiffs were a party to the action originally filed on May 14, 1991, the entire action was stricken by the court on the basis of misjoinder of parties. The plaintiffs filing of this action commenced a new suit, with a new docket number. This action cannot relate back to a cause of action that was stricken by the court and is no longer in existence. Therefore, the plaintiffs action cannot be considered as filed on May 14, 1991.
General Statutes Sec. 52-592 provides in part:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the fault or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
The accidental failure of suit statute, General CT Page 6347 Statutes Sec. 52-592, "`is remedial and is to be liberally interpreted.'" Isaac v. Mount Sinai Hospital, 210 Conn. 721,728, 557 A.2d 116 (1989).
 Where, therefore, the words are added, "or the action has been otherwsie awarded or defeated by the death of a party or for any matter of form," the obvious intention was to make the statute exceedingly broad and sweeping in its scope. The phrase "any matter of form" was use in contradistinction to matter of substance, which embraces the real merits of the controversy between the parties. The phrase refers to the mode of procedure, so that any misconceptions as to the remedy may be included. . . . The provisions of the statute is remedial in character. It was passed to avoid hardships arising from an unbending enforcement of limitation statutes.
(Citations omitted.) Dirton v. McCarthy, 22 Conn. Sup. 205,206, 166 A.2d 207 (1960). "The saving statute is essentially an extension of, and by implication a response to, a statute of limitations defense." Lovett v. Frankel,5 Conn. L. Rptr. 397, 398 (January 6, 1992, Schaller, J.), citing Ross Realty Corporation v. Surkis, 163 Conn. 388, 393, 311 A.2d 74 (1972).
A tax appeal is not a "civil action" for the purpose of General Statutes Sec. 52-592. In Holloway Bros., Inc. v. Town of Avon, 26 Conn. Sup. 164, 214 A.2d 701 (1965), the court held that in a tax appeal that was nonsuited, the plaintiff could not commence the action anew under General Statutes Sec. 52-592, even though the original appeal was filed within the required two month limitation under the statute. The court stated that a tax appeal "cannot be held to be the type of `action' which comes within the saving protection of Sec.52-592. The reasons set out in the Carbone case, . . . are of equal validity here." Id., 168. The court further stated that "[a] speedy determination of the issues involved required the taking of a proper appeal within the two months' limitation period. The fact that the original appeal, in which a nonsuit was entered, was in fact taken within the required two months' period is of no avail here." Id. CT Page 6348
In Carbone v. zoning Board of Appeals, 126 Conn. 602, 13 A.2d 462
(1940), it was held that the word "action" in the accidential [accidental] failure of suit statute then in effect did not include administrative appeals. Isaac v. Mount Sinai Hospital, 210 Conn. 721,729 (1989). The court in Carbone found that the reason for fixing a limited time for administrative appeals was to secure a speedy determination of the issues involved. Id., 730.
Therefore, the plaintiffs may not avail themselves of General Statutes Sec. 52-592 because a tax appeal is not a "civil action" within the meaning of the statute. Accordingly, it is found that the defendant's motion to dismiss should be granted.
III. CONCLUSION
For the reasons herein stated, it is concluded that the defendant's motion to dismiss ought to be and is hereby granted.
It is so ordered.
ARENA, J. CT Page 6348-A