**Village of Morrisville Water & Light Department v. Town of Hyde Park, et al.**

[442 A.2d 1288]

No. 11-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 2, 1982

616

*Austin B. Noble* and *Stephen C. Clancy* of *Gibson, Noble & Goodrich,* Montpelier, for Plaintiff.

*Robert S. Burke* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant.

**Billings, J.** The plaintiff, Village of Morrisville Water & Light Department, appeals from an action in which it sought enforcement of a prior judgment against the defendant Town of Hyde Park. In 1977 after protracted litigation regarding the tax liabilities of the plaintiff to the Town of Hyde Park, the two parties entered into a stipulation which was reduced to a judgment and served to terminate six different tax appeals then pending in Lamoille Superior Court. The 1977 judgment order set the appraised value of plaintiff's property in Hyde Park at $325,475.00 with a listed value at the statutory rate of fifty per cent, *i.e.,* $162,735.00. This value was increased by seventy-five per cent pursuant to 32 V.S.A. § 3659 to $284,786.00 for the years 1976–1980 inclusive. The actual tax was to be computed by applying the current tax rate each year to the listed value. Subsequent to the order the listed value was redefined as one hundred per cent of appraised value by an amendment to 32 V.S.A. § 3481(2). The parties concede that after this amendment, the correct listed value under the 1977 order was $569,581.00. In addition, the 1977 order contained the following minimum tax provision:

Paragraph 7.

In the event that the Town of Hyde Park should undergo a general reappraisal of real or personal property for tax purposes effective for the year 1980 or any prior year or years, and such reappraisal shall have been required by act of the General Assembly of the State of Vermont or by decree of a court of competent jurisdiction, and as

a result of such appraisal there is a substantial drop in the tax rate to be applied to Morrisville's property in Hyde Park, then beginning with the first year such reappraisal and lower tax rate is in effect, and for each year through 1980, Morrisville will pay a minimum tax of $30,984.72 to the Town of Hyde Park.

In 1979 the defendant conducted a general reappraisal and then set the listed value of plaintiff's property at $1,553,300.00 and at the same time lowered its tax rate to $1.46 in 1979 and $1.95 in 1980. Under the reappraisal the plaintiff's tax liability would have been $22,678.18 in 1979 and $30,289.35 in 1980. Nevertheless, in 1979 the defendant forwarded to the plaintiff a tax bill of $30,984.72 invoking the minimum tax provision of paragraph 7 of the 1977 judgment order. Plaintiff objected claiming the minimum tax provision did not apply because the reappraisal was not required by the Legislature or a court of competent jurisdiction. It also contended that the listed value pursuant to the 1977 order of $569,581.00 governed and thereupon forwarded a check for $8,315.88 as payment of its 1979 taxes. This amount was arrived at by applying the 1979 tax rate of $1.46 per hundred of appraised value to the agreed listed value of $569,581.00 as provided in the 1977 judgment order.

Plaintiff then filed a complaint with the superior court asking for enforcement of the 1977 judgment order and for a declaration that the 1979 and 1980 taxes would be based on a listed value of $569,581.00. Defendant answered by denying plaintiff's allegations and plaintiff then moved for judgment on the pleadings. V.R.C.P. 12(c). There being no disputed factual issues, the trial court made findings based solely on the pleadings and entered a judgment which essentially vacated the 1977 judgment order. The trial court held that certain "changes have created a new legal situation and have substantially altered the relations between the parties. It is virtually impossible to apply the formula the parties agreed upon to the present circumstances and be fair and equitable to both." The trial court cited the following factual changes in support of its decision: (1) the drop in the Hyde Park tax rate; (2) the increase in property valuation within the town; and (3) the 1977 amendment to 32 V.S.A. § 3481(2) requiring that the listed value of property be one hundred per cent

instead of fifty per cent. The court then held that the plaintiff's 1979 and 1980 tax would be based on the new reappraised listed value applying the new tax rates for each year.

The plaintiff appeals from this judgment claiming that the changes in circumstances were all due to unilateral acts by the defendant and cannot justify vacating the 1977 judgment. We agree.

■■ It is a general rule of law that a judgment is conclusive between the parties as to all issues actually litigated and all issues which might properly have been litigated. *B & E Corp.* v. *Bessery*, 130 Vt. 597, 601, 298 A.2d 544, 546 (1972). Here all three of the supposed changes in circumstances listed by the trial court were in fact litigated in the prior suit and are governed by the 1977 judgment order.

■ As to the first two changes, paragraph 5 of the order establishes the appraised value of the plaintiff's property to be used in 1979 and 1980, and it permits the town to set the tax rate each year. Both parties stipulated to this agreement and it was incorporated in a judgment. A judgment cannot be changed by the unilateral acts of one party.

■ As to the third change in circumstance, paragraph 7 specifically addresses the possibility of a reappraisal during the effective time period of the order. It states that the town is protected from a reduction in the tax owed only if the reduction is a result of a reappraisal required by an act of the legislature or by a court order. The trial court held, and we agree, that the amendment to 32 V.S.A. § 3481(2) did not require a general reappraisal by the town. We recognize that economic and political realities required the town take some action in response to the amendment requiring one hundred per cent valuation, but the town could just as easily have changed its tax rate, which the 1977 judgment order permits, instead of undertaking a general reappraisal. Reappraisal was not "required" by the amendment.

Therefore, the tax for 1979 and 1980 should be based on the agreed appraisal value of $569,581.00 and the tax rate for each year should be that set by the town, *i.e.*, $1.46 per hundred for 1979 and $1.95 per hundred for 1980

*Reversed.*