**Gerrish Corporation v. Jeremy Dworkin**

[483 A.2d 261]

No. 83-323

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed September 7, 1984

108

David W. Reeves and John Delosa, Law Clerk (On the Brief), Woodstock, for Plaintiff-Appellee.

John C. Holme, Jr., and William E. Dakin, Jr., Chester, for Defendant-Appellant.

Hill, J. The defendant appeals the judgment of the Windsor Superior Court dismissing his counterclaim under the Consumer Fraud Act for $6,930.45 and remanding the plaintiff's complaint for $500 to small claims court.

The plaintiff filed an action in small claims court in March of 1982 to recover $443.17 for repair work it had done on the defendant's automobile. The defendant counterclaimed for $6,930.45 under the Consumer Fraud Act, 9 V.S.A. §§ 2451–2462, claiming that the plaintiff had made false representa-

tions concerning repairs it had done on another of the defendant's automobiles. The defendant also requested that the case be transferred to superior court because the counterclaim exceeded the jurisdictional limit of the small claims court. See 12 V.S.A. § 5531(a) (jurisdictional limit of small claims court at time of filing of complaint and counterclaim was $500; effective July 1, 1984, jurisdictional limit was raised to $2,000). The small claims court transferred the case in April of 1982; in March, 1983, the plaintiff moved to dismiss the counterclaim on the ground that there is no procedure in small claims court for filing counterclaims or for transferring claims to superior court. The superior court decided that it did not have subject matter jurisdiction over the counterclaim; therefore, the court granted the plaintiff's motion, dismissing the counterclaim without prejudice and remanding the plaintiff's original complaint to small claims court.

We think the superior court was incorrect in deciding that it lacked subject matter jurisdiction. Title 4 V.S.A. § 113 gives the superior court "original and exclusive jurisdiction of all original civil actions, except those made cognizable by the district court . . . ." Title 12 V.S.A. § 5531(a) states that "[t]he [small claims] procedure shall not be exclusive, but shall be alternative to the *formal procedure* begun by the filing of a complaint." (Emphasis added.) Thus, it is apparent that both the superior courts and the district courts (small claims procedure) have subject matter jurisdiction over civil actions up to the small claims jurisdictional amount.* What varies is the procedure available in each court; actions in the superior court are governed by the "formal procedure" of the Vermont Rules of Civil Procedure, and actions in the district court may

---

* Note that we do not address the district court's *general* civil jurisdiction. 4 V.S.A. § 437. The district court's general civil jurisdiction is concurrent with that of the superior court "where the ad damnum is over $200.00 and not more than $5,000.00." *Id.* Unlike actions under the small claims procedure, D.C.C.R. 80.3, civil actions in district court under 4 V.S.A. § 437 are governed by the District Court Civil Rules. D.C.C.R. 1. Thus, the simple inexpensive procedure the legislature authorized in 12 V.S.A. § 5531(a) is an alternative to the "formal procedure" of both the Rules of Civil Procedure and the District Court Civil Rules.

be brought under the "simple, informal and inexpensive procedure," 12 V.S.A. § 5531(a), reflected in D.C.C.R. 80.3.

Chapter 187 of Title 12 of the Vermont Statutes Annotated deals with small claims procedure. The chapter does not address specifically the issue of whether a counterclaim may be filed, or whether the case may be transferred to superior court if the counterclaim exceeds the jurisdictional limit. Title 12 V.S.A. § 5531(a) states that the Vermont Supreme Court shall make rules "providing for a simple, informal and inexpensive procedure" for the determination of small claims cases. Pursuant to § 5531(a), this Court promulgated D.C.C.R. 80.3, which governs small claims procedures. D.C.C.R. 80.3(a) provides that

> [s]mall claims procedure shall be governed by statute and by this rule. Other provisions of the District Court Civil Rules are applicable only insofar as they provide for simple, informal, and inexpensive procedure or as they are specifically incorporated by this rule.

The defendant argues that under D.C.C.R. 80.3(a), D.C.C.R. 13 and D.C.C.R. 76 are applicable to small claims procedures. D.C.C.R. 13 provides for the filing of permissive counterclaims, and D.C.C.R. 76 provides for the transfer of district court cases to superior court whenever an amended complaint or counterclaim demanding relief in excess of the jurisdictional limit is filed.

Neither D.C.C.R. 13 nor D.C.C.R. 76 is specifically incorporated into the procedure governing small claims, and the defendant does not make this claim. Rather, the defendant argues that D.C.C.R. 13 and D.C.C.R. 76 are incorporated into small claims procedure because they promote the simple, informal and inexpensive resolution of small claims. The defendant also points out that such incorporation would promote judicial economy by eliminating multiple litigation.

We disagree with the defendant's claim. The defendant's permissive counterclaim, which was based on transactions that were unrelated to those upon which the plaintiff's original action was based, introduced considerable complexity into the case. After the counterclaim was filed, the case was transferred to superior court and the Vermont Rules

of Civil Procedure then became applicable. The original small claims action then became subject to interrogatories and depositions and other rules governing procedures in superior court. Thus, what began as a small claim seeking a "simple, informal and inexpensive" resolution became the subject of complicated procedural rules, delays and expensive legal costs. The purpose of small claims courts is to avoid such complications and to provide a simple, efficient, informal and inexpensive means for adjudicating disputes involving relatively small amounts of money. This purpose would be frustrated if small claims cases were forced into superior court after the filing of permissive counterclaims demanding more than the jurisdictional limit of small claims. To carry out the legislative mandate expressed in 12 V.S.A. § 5531(a), we hold, under D.C.C.R. 80.3, that D.C.C.R. 76 is not applicable to small claims proceedings in district court, and that D.C.C.R. 13 is applicable only up to the amount authorized in 12 V.S.A. § 5531(a).

The defendant points out that the superior court has jurisdiction over his counterclaim. We agree. Since the defendant's counterclaim was for $6,930.45, the defendant correctly states that the superior court has jurisdiction over his counterclaim, and the superior court was therefore incorrect in ruling that it did not have such jurisdiction. The issue on appeal, however, is not whether the superior court has jurisdiction over the counterclaim; the issue is whether a small claims case may be transferred to a superior court. For the reasons stated above, we hold that it may not.

*The order of the Windsor Superior Court is vacated and the complaint and counterclaim are remanded to the small claims court for disposition not inconsistent with the views expressed in this opinion.*