STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellant,

v.

William EMDE, d/b/a Campbell Service Center, Defendant-Respondent.

No. 14065.

Missouri Court of Appeals, Southern District, Division One.

Feb. 28, 1986.

Dale L. Davis, G. Stanley Moore, Bussell, Hough, O'Neal, Crouch & Hall, Springfield, for plaintiff-appellant.

Gail L. Fredrick, Springfield, for defendant-respondent.

GREENE, Judge.

Plaintiff, State Farm Fire and Casualty Company (State Farm), appeals a trial court judgment denying recovery in its lawsuit against defendant, William Emde, d/b/a Campbell Service Center. The suit was brought by State Farm in an attempt to recover money it had paid its insured, Charles McCann, for his loss of a boat, motor, and trailer which were destroyed in an accident while in the possession of Emde, who was a bailee of the goods.

Viewed in the light most favorable to uphold the trial court's judgment, the facts are that McCann was the owner of a 1977 17 foot IMP inboard/outboard boat, a 170 horsepower motor, and a 1973 Dilley trailer. The motor was overheating during use, and McCann took the rig to Emde for repair of the motor. Emde replaced a water pump in the lower unit, a circulating pump, and other parts in the motor, and took the boat to Lake Taneycomo, which was about three miles from his shop, to test the motor under conditions of normal use. Emde testified that while returning to his shop, two bolts which held the boat bow stop to the trailer, sheared, causing the bow stop to detach from the trailer which, in turn, caused the boat to come off the trailer, and the trailer to detach from Emde's truck. As a result of the accident, the boat, motor, and trailer, which at the time of the mishap had a market value of $4,950, were destroyed, and had a salvage value of only $400.

McCann filed a claim with State Farm, his liability and collision insurance carrier, and was paid $4,800, which was the insured value of the destroyed property. He also assigned to State Farm any right to recovery that he might have against Emde, or anyone else, arising from the accident.

Emde was not paid for his work on the motor, and finally sued McCann in the small claims court of Taney County for $327.70, which amount represented his labor and parts furnished for repair of the

motor. While there is no record of the evidence heard by the court, a docket entry indicates the court found that McCann owed the repair bill but that the "boat was destroyed while in bailment to [plaintiff]," and gave judgment for Emde of $327.70, and allowed McCann a set-off of $150 "to compensate for uninsured loss."

State Farm then sued Emde, alleging the assignment from McCann, seeking recovery of the $4,800 paid to McCann plus a $65 wrecker fee to recover the rig after the crash, less $400 received for salvage, leaving a net loss of $4,465. State Farm sought to recover from Emde on the basis of either general negligence under a res ipsa loquitur theory or breach of a bailment contract.

Emde's answer included a general denial of all allegations, plus an assertion of the affirmative defense of collateral estoppel under the theory that the small claims court judgment disposed of all issues in the controversy.

In reply, State Farm denied the affirmative averments of Emde's answer, and contended it was not barred by the doctrines of res judicata and collateral estoppel from bringing suit because it had not been a party to the small claims court action.

The case was court-tried before the same judge who heard the small claims case. The record does not indicate the filing of any pretrial motions by State Farm. At the time of trial, plaintiff and defendant both orally moved for summary judgment on the basis of res judicata and collateral estoppel, with State Farm contending that the issue of Emde's liability for the accident had been decided adversely to Emde in the small claims case, while Emde contended that, if such were so, the issue of the amount of damages had already been litigated in the prior suit.

The court withheld ruling on the oral motions and proceeded to hear evidence. State Farm's evidence in chief consisted of testimony of McCann, and photographs of his boat, motor and trailer. McCann said he took the rig to Emde to repair the motor. Later, he called Emde to see if his boat was ready to be picked up. Emde told him "he had got it fixed and it was running fine. He was coming back from the lake with it, and the trailer broke, and the boat came off and hit a bluff, and he thought that it was totaled out." The photos showed the damage to the boat, motor, and trailer that the wreck caused. There was nothing in McCann's testimony to show what caused the accident.

At the conclusion of State Farm's evidence in chief, the court overruled both parties' motions for summary judgment.

Defendant's evidence consisted of the testimony of Emde who testified that after repairing the engine, and in preparation for hauling the rig to the lake to check out his work, he attached McCann's trailer to his truck, snapped the latch down on the trailer and attached the safety chain. It was after testing the motor, and while returning to his shop, that two bolts, which secured the bow stop to the trailer, broke, causing the bow stop to break loose from the tongue of the trailer. This caused the boat to slide off the back of the trailer, and broke the trailer away from the truck, causing the damage in question. There was nothing in Emde's testimony to evidence lack of ordinary care on his part in either repairing or transporting McCann's boat, motor, or trailer.

In rebuttal, Marion Cooper, representing State Farm, testified that when he had talked with Emde after the accident nothing was said about attributing the cause of the accident to the breakage of bolts holding the bow stop to the trailer.

After considering suggestions from both parties, the trial court entered judgment for Emde, specifically holding that he had overcome, by a preponderance of the evidence, any presumption of negligence, and that there "is insufficient evidence to find that [defendant] was negligent or exercised less than ordinary care."

On appeal, State Farm claims it was error to deny its motion for summary judgment because the trial judge previously adjudicated the issues of Emde's liability,

damages, and the assignment of McCann's claim to it in the small claims action. Thus, State Farm contends that the doctrine of collateral estoppel barred Emde from asserting the defense of freedom from liability.

■ Under certain circumstances, the concept of collateral estoppel permits strangers to a prior suit to assert the doctrine against parties to the prior suit to bar relitigation of issues determined in the previous adjudication. The court, in reviewing whether application of the doctrine is appropriate, should consider 1) whether the issue decided in the prior litigation was identical with that posed in the present action; 2) whether the prior adjudication resulted in a judgment on the merits; 3) whether the party against whom the doctrine is asserted was a party, or in privity with a party, to the prior adjudication, and 4) whether the party against whom the doctrine is asserted had a full and fair opportunity to litigate the disputed issue in the prior proceeding. *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713, 719 (Mo. banc 1979).

■ In applying this test to the facts and circumstances here, it is obvious that the doctrine of collateral estoppel does not apply. There is no evidence that the question of Emde's liability as a bailee was fully and fairly litigated in the small claims court. In fact, the trial judge, speaking of his role in the small claims case, stated, at the conclusion of the evidence in the present case, "I must say this for my—so that it doesn't look too silly no matter what I do. In a small claims case I was looking at a relatively small amount of money, and I was shooting from the hip in a small claimish way," and "I truthfully didn't look at it in the most lawyerly way at the small claims stage."

It is evident to us from these remarks that the judge did not receive proper legal evidence on the liability issue when he passed judgment in the small claims case, but decided the case on the basis, as he put it of "what intuition and reason seems." From these facts, it is apparent that the liability issue was not decided in the small claims case.

Secondly, there is no indication in the small claims judgment itself that the liability issue was decided in that case. While it does state, "Boat destroyed while in bailment to [plaintiff]," there was no written finding that Emde breached the standard of ordinary care required of bailees.

Finally, there is no indication that Emde had a full and fair opportunity to litigate the liability issue in the small claims court. The Restatement (second) of Judgments (1982) provides an exception to the general rule of collateral estoppel when there are "differences in the quality or extensiveness of the procedures followed in the two courts...." § 28(3). Comment d to § 28 amplifies on this exception, explaining that "there may be compelling reasons why [collateral estoppel] should not apply. For example, the procedures available in the first court may have been tailored to the prompt, inexpensive determination of small claims and thus may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim."

This exception should apply to issues determined by judgments rendered in small claims actions in Missouri. Such actions may not involve an amount in controversy greater than $1,000. § 482.305, RSMo Supp 1984. The "[p]roceedings [are] conducted in an informal summary manner, and the formal rules of evidence and procedure do not apply." § 482.310(3), RSMo Supp.1984. Discovery is prohibited, and the parties do not have the right to a jury trial. § 482.310(5, 6), RSMo Supp 1984. The informal and summary nature of these procedures does not ensure the opportunity to fully litigate issues that is a prerequisite to the application of collateral estoppel effect to small claims judgment. *See Village Supply Co., Inc. v. Iowa Fund, Inc.*, 312 N.W.2d 551, 554 (Iowa 1981). The point is denied.

State Farm next contends that the trial court erred in considering the case as being

submitted solely under the res ipsa loquitur negligence doctrine, thereby failing to analyze the breach of bailment contract count. It argues that the language of the judgment reflects this error insofar as it states "that the res ipsa loquitur doctrine is applicable."

■ State Farm's petition was in two counts, the first alleging Emde's general negligence under a res ipsa theory, and the second alleging breach of a bailment. The doctrine of res ipa loquitur allows the jury to infer the defendant's negligence from an unusual occurrence which ordinarily results only from negligence. *See Gibbs v. General Motors Corp.,* 350 Mo. 431, 166 S.W.2d 575, 579 (1942); *Strick v. Stutsman,* 633 S.W.2d 148, 151 (Mo.App.1982).

■ Once a res ipsa case is made, the defendant carries the burden of producing evidence negating that inference of negligence. *See McCloskey v. Koplar,* 46 S.W.2d 557, 561–63 (Mo. banc 1932); *Daniels v. Smith,* 471 S.W.2d 508, 511 (Mo.App. 1971). The res ipsa doctrine does not, however, create a presumption of the defendant's negligence. *Smith v. Wabash R.R. Co.,* 416 S.W.2d 85, 90 (Mo. banc 1967). In contrast, if a bailor simply pleads the bailee's breach of their bailment contract by failing to return the property in undamaged condition, the burden then rests on the bailee to prove his exercise of ordinary care in protecting the property. *Church v. Richfer Corp.,* 618 S.W.2d 29, 30 (Mo. banc 1981).

■ In its judgment, the trial court not only found that there was insufficient evidence to find Emde negligent under the res ipsa theory, but also "defendant has overcome the presumption of negligence by a preponderance of evidence." This part of the judgment indicates the trial court correctly applied the law of bailment in disposing of the claim made in Count II. Although inartfully drawn, the judgment disposed of both counts of the petition on proper application of law. The point has no merit.

■ State Farm's remaining point which contends that the judgment is not supported by substantial evidence, and is against the greater weight of the evidence, has no merit.

Emde presented unrefuted evidence, which the trial court evidently believed, and had a right to believe, that McCann's property was not destroyed through any fault of Emde. This evidence was enough to sustain the judgment on both counts of the petition. Emde met his burden of going forward with the evidence showing no negligence on his part, as required by the Count I allegations, and also proved, by the only evidence submitted on the issue, that he used ordinary care in protecting McCann's property that was in his custody, thus meeting his burden of proof on the Count II allegations. The point has no merit.

Judgment affirmed.

TITUS, P.J., concurs.

FLANIGAN, J., concurs in result and files opinion.

FLANIGAN, Judge, concurring in result.

I concur in the result. Since the prior action was litigated in the small claims court, I agree that the doctrine of collateral estoppel did not bar Emde from litigating the issue of liability. However, I attach no significance to the testimony of the trial judge, in this proceeding, describing his "role in the small claims case." A court speaks through its records and judgments and not through later reminiscences. It is immaterial that the small claims judgment contained no written finding that Emde breached the standard of care required of bailees and that it contains this recital: "Boat destroyed while in bailment of [plaintiff]." The judgment itself was not of the type to support the doctrine of collateral estoppel so its specific contents or imperfections are of no moment.

I concur fully with that portion of the principal opinion which disposes of appellant's other two points.