### Cold Springs Farm Development, Inc. v. Rene Ball

[661 A.2d 89]

No. 94-069

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed April 7, 1995

*Craig Weatherly* of *Gravel and Shea*, Burlington, for Plaintiff-Appellee.

*Rick Sharp*, Burlington, for Defendant-Appellant.

**Dooley, J.** Defendant appeals two superior court orders denying his motion to dismiss plaintiff's breach of contract claim and granting summary judgment in favor of plaintiff. We reverse.

Defendant entered into an agreement to purchase from plaintiff a business known as the Millhouse Wine Cellar Restaurant. Defendant paid a $1000 deposit to plaintiff's agent to secure the sale, but refused to complete the transaction because of concerns about the heating.

Defendant filed a complaint in small claims court against plaintiff's president and sole shareholder to recover the deposit and attorney's fees. Defendant claimed plaintiff's president failed to disclose material information about the sale in a timely fashion. Prior to a hearing in small claims court, plaintiff filed a complaint alleging breach of contract in superior court. Plaintiff sought to recover damages resulting from defendant's failure to complete the agreement, including the contract price, past and future rent, attorney's fees, and interest. Defendant moved to consolidate his small claims court action with plaintiff's breach of contract claim in superior court. Plaintiff opposed this motion, arguing that small claims actions cannot be transferred to superior court. Defendant's motion was denied.

The small claims court concluded that defendant failed to complete the purchase as agreed upon, and plaintiff could retain the deposit. Relying on the small claims court's decision, plaintiff moved for partial summary judgment in superior court on the issue of liability. The superior court granted the motion, concluding under the doctrine of collateral estoppel that the parties could not relitigate the issue of liability. Thereafter, plaintiff moved for summary judgment on the question of damages. Plaintiff filed two affidavits outlining its damages. Defendant opposed the motion and demanded a jury trial on the issue of mitigation of damages. Defendant presented no facts contesting the facts set forth in plaintiff's affidavits. The court granted plaintiff's motion, concluding that defendant had failed to show there was a triable issue of material fact.

Defendant raises three issues on appeal: (1) collateral estoppel was improperly used to grant partial summary judgment on liability; (2) res judicata barred relitigation of the breach-of-contract issue in the superior court; and (3) summary judgment on damages was improper because he had raised a genuine issue of material fact.

■ First, defendant argues the court erroneously applied collateral estoppel when it granted summary judgment on liability based on the small claims court's conclusion that defendant had breached the contract. Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has necessarily been decided in a previous action. *Berisha v. Hardy*, 144 Vt. 136, 138, 474 A.2d 90, 91 (1984). Generally, issue preclusion is appropriate when:

(1) [it] is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

*Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265, 583 A.2d 583, 587 (1990). Defendant does not contest the presence of the first three factors, but argues that there was not a "full and fair opportunity to litigate the issue" of liability in the abbreviated and informal procedures of small claims court, and that it would be unfair to apply issue preclusion in the superior court.

The purpose of Vermont's small claims court is to provide "a simple, informal and inexpensive procedure" for determining civil actions where the amount in controversy is no more than $3500.[1] 12 V.S.A. § 5531(a). Our decisions about small claims court have sought to promote this policy. See *Gerrish Corp. v. Dworkin*, 145 Vt. 107, 111, 483 A.2d 261, 263 (1984) (to carry out legislative purpose, defendant may not force small claims case into superior court by filing counterclaim above jurisdictional limit); *Ferris-Prabhu v. Dave & Son, Inc.*, 142 Vt. 479, 480, 457 A.2d 631, 632 (1983) (small claims proceedings should be as simple and untechnical as possible to encourage litigants to appear pro se). Our rules reinforce the informality. Hearings without juries are conducted "in a summary manner," and the examination of the witnesses is done primarily by the judge, although parties may supplement the court's questioning. D.C.C.R. 80.3(i). Except for those with respect to privilege, the Vermont Rules of Evidence do not apply. See *id.* The court must "assist the litigants in developing relevant and reliable evidence." See *id.* Many of the civil rules, including those authorizing discovery, do not apply in small claims court. See D.C.C.R. 80.3(a). Much of the hearing and prehearing procedure is intended to encourage appearance without lawyers by preventing "unfair imposition" on a pro se litigant. See D.C.C.R. 80.3(i).

Although a decision on whether to find that issue preclusion applies is usually specific to the individual case, involving a weighing

---

[1] At the time of the action here, the jurisdictional limit was $2000. See 1983, No. 208 (Adj. Sess.), § 2. It was increased effective July 1, 1994 by 1993, No. 160 (Adj. Sess.), § 1.

of the relevant factors, there are categorical exceptions to the general rule. The situation present here is directly addressed by Restatement (Second) of Judgments § 28(3) (1982) which provides an exception where "[a] new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them." Comment d to the section gives as an example exactly these circumstances:

> For example, the procedures available in the first court may have been tailored to the prompt, inexpensive determination of small claims and thus may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim.

We emphasize that the *Trepanier* standard applies issue preclusion where there is a "full and fair *opportunity* to litigate the issue in the earlier action." *Trepanier*, 155 Vt. at 265, 583 A.2d at 587 (emphasis supplied). Thus, the Restatement's exception applies based on the nature of the earlier proceeding, not how it was actually used by the parties. Put another way, the informal procedures that were used to deny defendant's claim for the return of a $1000 deposit are woefully inadequate to support the $131,000 judgment for plaintiff that resulted in superior court.

A variety of other jurisdictions follow the Restatement's approach to issue preclusion based on small claims judgments. See, e.g., *Village Supply Co. v. Iowa Fund, Inc.*, 312 N.W.2d 551, 554 (Iowa 1981) (issue preclusion by small claims judgment not warranted where differences exist in quality or extensiveness of procedures); *Sanderson v. Niemann*, 110 P.2d 1025, 1031 (Cal. 1941) (collateral estoppel can not be based on small claims judgment);[2] *State Farm Fire & Cas. Co. v. Emde*, 706 S.W.2d 543, 546 (Mo. Ct. App. 1986) (exception of Restatement § 28(3) applies to small claims judgments); *New Milford Block Co. v. Ericson*, 206 A.2d 487, 490 (Conn. Cir. Ct. 1964) (unjust to give preclusive effect to small claims judgment due to informality of procedure).

---

[2] *Sanderson* was more recently explained in *Perez v. City of San Bruno*, 616 P.2d 1287, 1291-92, 168 Cal. Rptr. 114, 118-19 (1980). In California, unlike Vermont, the losing party in small claims court may appeal to superior court and obtain a de novo trial where normal rules of procedure and evidence apply. *Perez* held that collateral estoppel was possible from an appellate small claims judgment obtained after a trial de novo in superior court. *Id.* at 1292, 168 Cal. Rptr. at 119.

■ We recognize that the small claims proceeding in this case was more formal than is usual because both sides were represented by counsel. We also recognize that defendant went forward with the small claims hearing with the knowledge of the pending superior court action and the apparent hope that victory in the small claims case would have preclusive effect on plaintiff's claim in the superior court. In fashioning an issue preclusion rule, however, we must be concerned about the effect of our decision on the use of the small claims court by future litigants. As the Iowa Supreme Court concluded: "Giving preclusive effect to small claims adjudications in subsequent regular district court trials would be inconsistent with maintaining the simplicity and informality of small claims procedures." *Village Supply Co.*, 312 N.W.2d at 554. We are unwilling to chill the use of small claims court by subjecting plaintiffs in that court to the risk that a loss on their small claim will mean automatic liability to the opponent on a much larger claim in superior court.[3] Nor are we willing to encourage even greater resort to lawyers to understand fully the risks and opportunities presented by using the small claims forum. The trial court's decisions would inevitably have these effects.

■ Even if we chose affirmatively not to follow the Restatement rule, there is a special reason why collateral estoppel should not be invoked for defendants' small claims judgments. In 1984, responding to the concern about misuse of counterclaims in small claims court, the Legislature added 12 V.S.A. § 5533(c), which allows defendants'

---

[3] Despite the procedures adopted to make small claims court "user friendly" to ordinary citizens, it remains a fragile institution that is often criticized for not accomplishing its purposes. See generally Comment, *The Iowa Small Claims Court: An Empirical Analysis*, 75 Iowa L. Rev. 433, 439-52 (1990) (summarizing many studies of small claims court). Studies have found the court inaccessible to the average citizen and ineffective in resolving disputes except for collection actions brought by businesses. See Small Claims Study Group, *Little Injustices: Small Claims Courts and the American Consumer* 22 (1972); Steele, *The Historical Context of Small Claims Court*, 1981 Am. B. Found. Res. J. 295, 351-54. Although the informal procedures help, the court is still often seen as foreign and intimidating. See Frieson, *Let's Abolish Small Claims Court* 18, 18-19 (Fall 1977). Many litigants end up using attorneys to file small claims actions abandoning inexpensive and simple resolution of the matter. See J. Ruhnka, et al., *Small Claims Court: A National Examination* 190 (Nat'l Center for State Cts. 1978). Although we have not had a recent study of small claims court usage in Vermont, earlier studies showed we shared the barriers to implementation of the purposes of the court. See Vermont Public Interest Research Group, *The Forgotten Court* (1973). Some attempts have been made to improve access. The Court Administrator publishes a bulletin, entitled *Small Claims Court in Vermont: How to Use It*, and makes it available to litigants and potential litigants to help them decide whether to use the court and to assist them in the process. In recent years, use of mediation has facilitated the settlement of many claims without a formal judgment.

counterclaims but only up to the jurisdictional limit of the small claims court and with the proviso:

> The judgment of the small claims court on an asserted counterclaim shall not be conclusive between the parties in a later action nor shall the parties be precluded from litigating any issue of fact or law as a result of the judgment on the counterclaim.

The section expresses the Legislature's policy choice that there be no collateral estoppel effect from the litigation of small claims counterclaims. If we refused to follow this policy choice for claims in chief, we would create an unfair inconsistency in the treatment of claims and counterclaims. Thus, in this case if plaintiff in the superior court had first asserted its money damage claim as a counterclaim to the small claims action, and lost, it would still have been able to bring the superior court action with no preclusive effect from the negative small claims judgment. By treating defendant's claim-in-chief differently, we would create an unfair and unjustified inconsistency. The wiser course is to avoid this inconsistency.

Defendant's second argument on appeal is that the superior court should have dismissed plaintiff's claim under the doctrine of res judicata, or claim preclusion, because all of the issues arising from the breach of contract had been or could have been litigated in small claims court. Specifically, as evidence that damages were litigated, he cites the small claims court's decision, which states, plaintiff "may retain all amounts paid as liquidated and agreed damages for the breach of the agreement by [defendant]." Defendant interprets this as a decision limiting the damages for all plaintiff's claims.

 Claim preclusion bars litigation of claims or causes of action which were or might properly have been litigated in a previous action.[4] See *Village of Morrisville Water & Light Dep't v. Town of Hyde Park*, 140 Vt. 615, 618, 442 A.2d 1288, 1289 (1982). The only damages litigated in small claims court, however, were defendant's deposit. Neither the complaint nor the answer addressed any damages beyond defendant's claim to have the deposit returned to him. Thus, plaintiff's superior court claims were not actually litigated in

---

[4] Plaintiff has responded in part that identity of parties is required for claim preclusion to apply and the parties in the small claims action are not the same parties as in the superior court action. See *First Wisconsin Mortgage Trust v. Wyman's, Inc.*, 139 Vt. 350, 358-59, 428 A.2d 1119, 1124-25 (1981). In view of our disposition, we need not reach this argument.

the small claims proceeding. Alternatively, defendant argues that claim preclusion still prevents plaintiff's action because plaintiff subverted the intent of the small claims court by failing to pursue its damages there, even though they arose from the same transaction as plaintiff's claim. Claim preclusion applies to compulsory counterclaims, not permissive ones. 6 C. Wright et al., Federal Practice and Procedure § 1420, at 156 (1990); see also *Stratton v. Steele*, 144 Vt. 31, 35-36, 472 A.2d 1237, 1239-40 (1984) (defendant's permissive counterclaim will not be barred in later action by res judicata). There are no compulsory counterclaims in small claims court. See D.C.C.R. 80.3(a) (V.R.C.P. 13(a) requiring party to file compulsory counterclaim does not apply to small claims court proceedings). As set forth above, the Legislature has specifically provided that a small-claims defendant "*may*" file a counterclaim. 12 V.S.A. § 5533(c). Thus, plaintiff's claim in superior court was not precluded by the small claims court action.[5]

*Reversed and remanded.*

**Allen, C.J.,** concurring and dissenting. The majority holds today that small claims judgments have no preclusive effect on future litigation. I dissent because this per se rule encourages needless relitigation, wastes resources of litigants and courts, was not addressed by either party, and will undoubtedly prove unfair in some cases. I concur with the majority that seller is not precluded from bringing this breach of contract claim on the ground that it did not pursue this as a counterclaim in small claims court. I would reverse the summary judgment on damages only.

Collateral estoppel, or issue preclusion, prevents a party from relitigating a specific issue that has necessarily been decided in a previous action. *Berisha v. Hardy*, 144 Vt. 136, 138, 474 A.2d 90, 91 (1984). The purpose of this doctrine is to promote the finality of judgments and conserve the resources of courts and litigants. See *id.* As the majority notes, issue preclusion is appropriate when:

---

[5] Defendant also bases his argument on the fact that he tried to remove the small claims action to superior court, to join it with plaintiff's action, but plaintiff successfully resisted this motion. The superior court refused to allow removal of the small claims case on the basis of *Gerrish Corp. v. Dworkin*, 145 Vt. at 111, 483 A.2d at 263. Whether this ruling was correct or not, we fail to see how plaintiff's resistance aids defendant's res judicata argument. Assuming identity of parties, plaintiff was entitled to raise a counterclaim in the small claims court, even though relief was available only up to the jurisdictional limit, see 12 V.S.A. § 5533(c), or to present its entire claim in superior court.

> (1) [it] is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

*Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265, 583 A.2d 583, 587 (1990). The party opposing the use of issue preclusion must show that relitigation of the issue is appropriate. *Id.* at 265-66, 583 A.2d at 587-88.

The parties agree on the presence of the first three factors. They disagree on whether the issue of liability was fully and fairly litigated in small claims court, and on whether it would be fair to apply issue preclusion. To determine whether a party has met these two criteria, the court must look to the specifics of each case and consider several factors, including (1) the choice of forum, (2) the incentive to litigate, (3) the foreseeability of future litigation, (4) the procedural opportunities available in each forum, and (5) the legal standards and burdens employed in each action. *Id.* at 265, 583 A.2d at 587.

In this case, buyer selected the small claims forum, and was aware of the substantial claim in superior court when he chose to proceed in small claims court. Moreover, buyer knew that the small claims court judgment might be binding in superior court. Thus, the superior court claim was foreseeable and provided incentive to vigorously litigate the breach of contract issue in small claims court. Further, both parties were represented by counsel in the small claims court action through appeal, and the substantive law governing the breach of contract claim imposed the same evidentiary burden in both courts. On this record, I conclude that buyer has failed to meet his burden of showing that his opportunity in small claims court was not full and fair, and therefore, he should be precluded from relitigating the breach of contract issue.

Although in many cases it may be appropriate to allow relitigation of issues decided by the small claims court, this is not one of them. Rather than adopt a rule declaring no small claims judgment is final, issue preclusion should be decided on the facts of each case. See *id.* Only a case-by-case approach adequately takes into consideration the underlying policy considerations of conserving resources of courts and litigants, and promoting finality of judgments, while insuring fairness to all parties. *Shaid v. Consolidated Edison Co.*, 467 N.Y.S.2d 843, 851 (App. Div. 1983). The per se rule adopted by the majority

today will waste resources and prove to be unfair in some cases, considerations that might have come to light had either party addressed such a rule in their briefs.

The majority presents four reasons to adopt the rule that small claims judgments do not preclude relitigation of issues in subsequent cases. First, they rely on the Restatement (Second) of Judgments § 28(3) (1982) and comment d, which states that small claims procedures "*may* be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim." (Emphasis added.) Illustration 7 indicates further, however, that a finding of a small claims court is not conclusive because it "operates informally without pleadings, counsel, or rules of evidence," a rationale that is not necessarily applicable in all cases.

Second, the majority relies on several out-of-state cases, which similarly conclude that small claims judgments are not conclusive because in these proceedings there are no attorneys, no pleadings, no legal rules of evidence, no juries, and no formal findings. See *Sanderson v. Neimann*, 110 P.2d 1025, 1030-31 (Cal. 1941); *New Milford Block Co. v. Ericson*, 206 A.2d 487, 490 (Conn. Cir. Ct. 1964). The *Sanderson* court specifically notes that the small claims statute before it required the parties to represent themselves "without the aid of attorneys." 110 P.2d at 1030. In contrast to the circumstances illustrated in the Restatement and presented in *Sanderson* and *New Milford*, here, the parties were represented by counsel, seller had the right to request trial by jury, 12 V.S.A. § 5535, and the small claims court made formal findings of fact and conclusions of law. There is nothing before us to indicate that the trial in the small claims court was in any way inadequate.

The third basis for the majority's per se rule is that 12 V.S.A. § 5533(c) establishes that judgments on small-claim counterclaims have no preclusive effect. The majority maintains that it would be inconsistent and unfair not to apply a similar rule to claims-in-chief. The Legislature has, however, specifically addressed counterclaims only. Today's rule renders § 5533(c) mere surplusage. See *Trombley v. Bellows Falls Union H.S.*, 160 Vt. 101, 104, 624 A.2d 857, 860 (1993) (we presume language is inserted in statute advisedly and do not construe it in way that renders significant part pure surplusage). Moreover, under *Trepanier* issue preclusion is applicable only when it would be fair.

The final reason for the per se rule is that the majority does not want to chill the use of small claims court by subjecting plaintiffs to

the risk that an adverse small claims judgment will establish liability to the opponent on a larger claim brought in superior court. Instead, today's rule will require a party to relitigate the same issues in the more complex and costly superior court regardless of the nature of the proceedings in small claims court, the fairness to either party, or the impact on judicial economy. I therefore dissent.

I would reverse the summary judgment on damages, however, because seller failed to show that it was entitled to judgment as a matter of law. See *Price v. Leland*, 149 Vt. 518, 521, 546 A.2d 793, 796 (1988) (party moving for summary judgment has burden of proof); V.R.C.P. 56(c) (moving party must show that there is no genuine issue of material fact and that it is entitled to judgment as matter of law). Although buyer failed to "set forth specific facts showing that there is a genuine issue for trial," V.R.C.P. 56(e), seller presented no legal theory entitling it to recover the full contract price plus consequential damages resulting from buyer's failure to assume seller's leasehold. Seller failed to meet its burden of proof.

I would affirm the judgment as to liability and reverse and remand the judgment as to damages.