*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-397

MAY TERM, 2013

| | | |
|---|---|---|
| Anthony Deyo | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito, Commissioner of the | } | DOCKET NO. 325-4-12 Wncv |
| Department of Corrections, et al. | } | |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Plaintiff inmate appeals the superior court's order dismissing his lawsuit against prison officials on res judicata grounds and sanctioning him by requiring him to have an attorney sign off on any future pleading regarding this matter. We affirm.

This is the second time that this matter, which concerns defendant's claim that Department of Corrections' officials wrongfully confiscated and lost his prosthetic leg, has come before this Court. We briefly summarize the facts as set forth in our panel decision from June 2010. Plaintiff is an inmate under the supervision of the Department of Corrections. He asserts that in May 2003 the Department confiscated his (now) spare prosthetic leg and placed it in storage. In October 2005, he filed a small claims suit seeking damages for items lost by the Department when he was transferred to an out-of-state correctional facility following his conviction and sentence more than eighteen months earlier. He prevailed in that lawsuit but had not included the prosthetic leg in his list of lost items. In July 2006, plaintiff filed a second small claims action seeking reimbursement for his allegedly lost or destroyed prosthetic leg. The court dismissed that action based on plaintiff's failure to exhaust his administrative remedies. In May 2007, plaintiff filed a third action in superior court seeking compensatory and punitive damages for the loss of the prosthesis. The court granted the Department summary judgment, ruling that because plaintiff had sought only compensation and punitive damages, his claim had to be directed at the State rather than the commissioner. The court dismissed the case without prejudice and noted that plaintiff might have a claim against the commissioner for injunctive relief under Vermont Rule of Civil Procedure 75.

In March 2009, plaintiff filed his fourth action, this time seeking injunctive relief under Rule 75 for replacement or reimbursement of his lost or destroyed prosthetic leg. The Department moved for summary judgment, arguing that the lawsuit was precluded by the doctrine of res judicata, was time-barred by the applicable statute of limitations, and in any event was moot because the prosthetic leg had been returned to plaintiff shortly after he was

transferred to the out-of-state facility. The court granted plaintiff additional time to respond to the Department's motion, but he failed to do so by the deadline, which was nearly five months after the Department had filed its motion. By entry order with no analysis, the court granted the Department summary judgment in November 2009.

Plaintiff's attorney then filed a motion for reconsideration, stating that although his office had received the court's order regarding the deadline for filing a response, he never saw it. The court denied the motion for reconsideration on grounds of "futility," explaining that the loss had occurred six years earlier and had been the subject of two prior lawsuits. Plaintiff appealed, and a panel of this Court affirmed, stating that: (1) the trial court acted within its discretion in denying the motion for reconsideration after plaintiff had failed to meet the court's deadline for responding to the Department's motion for summary judgment; and (2) the case was moot because plaintiff's failure to contest the Department's motion meant that the undisputed facts proffered by the Department, including that plaintiff's prosthetic leg had been returned to him—a fact supported by his prison medical records—must be accepted as true. Deyo v. Pallito, No. 2010-023, 2010 WL 7798472, at *2 (Vt. June, 16, 2010) (unpub. mem.), http://www.vermontjudiciary.org/d-upeo/upeo.aspx.

In August 2011, plaintiff filed a fifth action, this time again in small claims court, seeking compensation for the prosthetic leg. The small claims court dismissed the action as time barred under the eighteen-month statute of limitations set forth in 32 V.S.A. § 932(b). In so ruling, the court rejected plaintiff's argument that the limitations statute was tolled by 12 V.S.A. § 551(a) as the result of his incarceration.

In this sixth and latest complaint filed in April 2012, plaintiff again sought compensation for the Department's confiscation and destruction of his prosthetic leg. The State responded by asking the court to impose sanctions under Vermont Rule of Civil Procedure 11. The Department cited the repetitive lawsuits previously filed by plaintiff and rejected by the courts. Following a hearing on the Department's motion for sanctions, in which plaintiff participated by telephone, the superior court dismissed plaintiff's lawsuit on res judicata grounds and granted the State's Rule 11 request, barring plaintiff "from bringing these claims in future matters unless the pleading is signed by an attorney licensed to practice in the State of Vermont."

On appeal, plaintiff first argues that res judicata should not apply in this case because defendants were not parties to the small claims actions and because the issue in this case is different and has never been resolved by a final judgment on the merits.

We focus our analysis on the res judicata effect of the judgment in plaintiff's March 2009 complaint in the superior court seeking return of the prosthetic pursuant to Rule 75.[1] Claim

_____

[1] Because we rest our analysis on the 2009 lawsuit, we do not address the State's argument that plaintiff's initial small claims action for other miscellaneous lost property can preclude plaintiff's claims regarding the prosthetic leg based on state tort law, the Americans with Disability Act, and the Eighth and Fourteenth Amendments of the United States Constitution. See Cold Springs Farm Development,Inc. v. Ball, 163 Vt. 466 (1995) (discussing limited preclusive effect of small claims judgments with respect to claims not actually litigated given the jurisdictional limit and informal process in small claims court). Because the court

preclusion "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter, and causes of action are identical or substantially similar." Berlin Convalescent Ctr., Inc. v. Stoneman, 159 Vt. 53, 56 (1992) (quotations omitted). The doctrine "bars not only issues actually litigated but also those which should have been raised in previous litigation." Id. (quotations omitted).

Each of the elements of claim preclusion is satisfied here. First, in the 2009 suit, plaintiff named the Commissioner of the Department of Corrections and the Department of Corrections as defendants. In this most recent action asserting civil rights violations, plaintiff named several Department officials in both their official and individual capacities. Plaintiff cannot avoid the preclusive effect of res judicata by adding the additional individual Department officials. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). "In the claim preclusion context, governmental officials sued in their official capacities for actions taken in the course of their duties are considered in privity with the governmental body" and thus "may invoke a judgment in favor of the governmental entity as may that body itself." Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988); see Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the [governmental entity] is res judicata in relitigation of the same issue between that party and another officer of the government."); cf. Atchison v. Dist. of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996) ("A section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself.").

Nor can plaintiff avoid the preclusive effect of res judicata by suing those officials in their individual capacities as well as their official capacities. "[A] public official sued in her individual capacity is generally not considered to be in privity with the government for purposes of res judicata," but, as in this case, "when a party is sued as an individual for actions taken solely in her official role, res judicata may not be circumvented." Lamb v. Geovjian, 165 Vt. 375, 380 (1996); see Waldman v. Vill. of Kiryas Joel, 39 F. Supp. 2d 370, 382 (S.D.N.Y. 1999) (holding that government officials sued in their official and individual capacities were entitled to claim preclusion based on prior lawsuit against their governmental entity).

Second, the subject matter—compensation for plaintiff's lost or destroyed prosthetic leg—is the same in both cases.[2] Even if plaintiff has found new theories upon which to base his

_____

dismissed plaintiff's second small claims action for failure to exhaust administrative remedies, we treat that dismissal as without prejudice to a new suit after exhaustion of remedies. The third case for damages was dismissed in December 2007 "without prejudice," so we do not consider that judgment to have preclusive effect. And we do not consider the State's claim that this suit is precluded by the "fifth" case, the more recent small claims action that was dismissed on the basis of a statute of limitation analysis that applies only in small claims court.

[2] We understand plaintiff to argue that the prosthetic leg that was returned to him by the State, as reflected in its summary judgment motion in the 2009 suit, was a *different* prosthetic leg that had also been taken from him in connection with his incarceration. Plaintiff has consistently maintained that his original prosthetic leg is the one that to this day has not been returned.

3

claim or new defendants to sue, the claim is essentially the same as the one he previously brought, or could have brought, in his earlier lawsuits. See 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure: Jurisdiction § 4408, at 183 (2d ed. 2002) ("In most circumstances, claims growing out of the same transaction are . . . precluded even though an effort is made to advance new theories or to substitute new remedies.").

Third, the summary judgment granted to defendant in the 2009 case operates as a final judgment on the merits with respect to the claims that plaintiff actually made or should have made. See Mitchell v. Nat'l Broadcasting Co., 553 F.2d 265, 271 (2d Cir. 1977) (stating that summary judgment is final judgment on merits for res judicata purposes). For these reasons, the superior court did not err in concluding that plaintiff's most recent lawsuit was barred on grounds of res judicata.

Nor did the court abuse its discretion in sanctioning plaintiff under Vermont Rule of Civil Procedure 11 by precluding him from filing any further pleading on this specific matter without having an attorney sign off on the complaint. See State v. Delaney, 157 Vt. 247, 256 (1991) ("Absent an abuse of discretion, we will not reverse a trial court's determination of a Rule 11 motion."). "Under Rule 11, any document submitted to the court is certified to present allegations supported by evidence and legal contentions warranted by law." Zorn v. Smith, 2011 VT 10, ¶ 14, 189 Vt. 219. "Upon belief that these requirements have been violated, the court may issue an order describing the specific conduct in question and direct a party to show cause why no violation should be found." Id. "After considering the party's response, the court may impose a sanction that is 'limited to what is sufficient to deter repetition of such conduct.' " Id. (quoting V.R.C.P. 11(c)(2)). In this manner, "Rule 11 affords the trial court the necessary means to avoid being held hostage by paperwork from vexatious litigants." Id. ¶ 17.

In this case, the court followed the procedure set forth under Rule 11 and concluded that plaintiff should be barred from filing further pleadings specifically on this matter regarding a prosthetic leg he alleges was lost or destroyed, unless an attorney signs off on the pleading. , We conclude that the superior court acted within its broad discretion in issuing a narrowly tailored order precluding plaintiff from filing any further pleadings on this matter without an attorney's signature on the pleading. See id. ¶ 1 (affirming trial court's order prohibiting pro se litigant from filing any additional documents with court, but clarifying order to limit its pleading restriction to that particular matter and to allow litigant to demonstrate financial inability to comply with order); cf. Ginther v. Provident Life and Cas. Ins. Co., 350 Fed. App'x 494, 496 (2d Cir. 2009) (concluding that litigant's conduct in pursuing action previously barred on res judicata grounds was objectively unreasonable under Rule 11); Wynn v. AC Rochester General Motors Corp., 96 Fed App'x 768, 769 (2d Cir. 2004) (affirming imposition of permanent injunction requiring litigant to seek leave from court before commencing lawsuit against corporation against which he had previously filed time-barred claims).

We do not suggest that the multiplicity of suits filed by plaintiff was in itself vexatious; the first small claims action did not even involve the prosthesis, and the second and third actions were dismissed on terms that contemplated that plaintiff could file new suits in the future. Although the 2009 summary judgment order issued when plaintiff failed to respond to defendant's motion operates as a decision on the merits, we recognize that no court has yet actually considered plaintiff's evidence on his claim that the Department took and still has not

4

returned his prosthetic leg. But the 2009 judgment is final, and plaintiff's subsequent attempts to raise the very same issue anew are, for that reason, barred.

The trial court's Rule 11 decision does not completely close the door on plaintiff's access to the courts; it allows counsel to file an appropriate action, if one exists, on plaintiff's behalf. For that reason, although restrictions on an individual's access to the courts should not be imposed lightly, the trial court's order in this case was within its discretion.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice