VERMONT SUPERIOR COURT

Windsor Unit
12 The Green
Woodstock VT 05091
802-457-2121
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-SC-00125

---

**RICHARD CORUM v. KEVIN BROWN et al**

---

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss KEVIN BROWN (Motion: 3)
Filer:       Kirk Brown
Filed Date:  April 21, 2025

The motion is GRANTED IN PART.

The purpose of small claims court is to have a simple, accessible forum for individuals to bring forward their claims with a minimum of cost, process, and legal intricacy. *Cold Springs Farm Development, Inc. v. Ball*, 163 Vt. 466, 469 (1995). Under the rules of small claims court procedure motions to dismiss are generally not considered as the process allows parties to flesh out even the most rudimentary of claims at a hearing where they may be able to explain what they are seeking and the factual, if not legal, basis for their lawsuit.

Notwithstanding this limitation, there are certain times where the Court will entertain a motion to dismiss, particularly when it comes to jurisdictional concerns. Kirk Brown has filed a motion to dismiss in the present matter. Mr. Brown's motion is less of a motion to dismiss and more of a motion to clarify. Mr. Brown represents that he is the administrator of the Bertha Brown Estate, which is the sole owner of EC Browns Corporation, the entity that owns and controls the EC Browns' Nursery business. Mr. Brown contends that it is the Corporation who should be the sole defendant here as it owns the nursery from which Plaintiff Corum purchased his elm tree, and it is the entity that should be held responsible. Mr. Brown represents that he intends to be present for the May 7th hearing on behalf of the EC Browns Corporation in this matter. Mr. Brown further seeks to dismiss Kevin Brown as a defendant in this matter because Kevin Brown, while an employee and a family member of business is not an owner. At most, he is an agent who acted on behalf of the business to sell the tree and provide Defendant with advice.

Defendant in his March 24, 2025 letter to the Court objects to dismissing Kevin Brown or substituting the EC Brown Corporation as a Defendant. Plaintiff's filing is premised on three arguments. First, is the contention that neither Kirk nor Kevin Brown own the nursery. Second, he contends that when he went to the nursery, several employees referred to Kevin Brown as the owner. Third, Plaintiff states that he tried to work something out with Kevin who never mentioned the corporate structure. Fourth, Plaintiff contends that the Browns should have told him about the corporation sooner.

None of Plaintiff's objections hold water. The objections do not seriously challenge the representations or either Kirk or Kevin Brown who have both filed documents with the Court averring that the business is solely owned by the EC Brown Corporation, which is in turn owned and controlled by a family trust. Plaintiff's response vacillates between hearsay and pique, but it does not provide a contrary set of facts or credible reasons to dispute the Browns. In the absence of any proof of ownership to the contrary, the Court accepts the Browns' representations of ownership.

This issue is important for jurisdictional reasons. The present matter may be characterized as a breach of contract or breach of warranty claim or both. Plaintiff seeks compensation for an elm tree that he purchased from the EC Browns' Nursery that he claims was fatally root-bound from the moment it was sold and planted. The sale of the tree as well as any warranty would have flowed from the transaction, which was between Plaintiff and EC Browns' Nursery. Unless Kevin Brown owns EC Browns' nursery, he would not be a party to the transaction. He might be an agent of EC Browns' Nursery, and he might be a witness to the facts underlying this claim. He might have even facilitated and participated in the transaction, but he cannot be held any more liable for the transaction than any other employee or witness because he did not own the entity with whom the purchase was made.

Lawsuits must be brought against the real parties in interest. See *Taylor v. West*, 2021 WL 8201998, at *3–4 (Apr. 19, 2021) (Hayes, J.) (noting that an action may be dismissed if brought against the wrong defendant). Here, it is undisputed that the real party in interest is the EC Brown Corporation, owner of EC Browns' Nursery. Kirk Brown's motion consents to jurisdiction against the corporation to substitute as a party in lieu of both Kevin Brown and EC Browns' Nursery, which appears to be a tradename.

Court can only adjudicate between real parties in interest. *US Bank N.A. v. Kimball*, 2011 VT 81, ¶ 12. The Given the nature of Plaintiff's claims, the Court will allow EC Brown Corporation to enter an appearance in this matter as the real party Defendant in interest in substitution for EC Browns' Nursery.

The Court will hold off on dismissing Kevin Brown until the hearing and allow Plaintiff to bring forward any further evidence or argument against dismissing Kevin Brown.

In light of the Kevin Brown's surgery, the Court will, if Plaintiff establishes a basis to keep him as a party, continue the hearing until a date when Kevin Brown has recovered. However, given the Court's analysis and Plaintiff's limited reasoning for seeking Kevin Brown as a Defendant, the Court believes at this point that there is a good likelihood that the matter can proceed against the EC Brown Corporation. For these reasons the Court will keep the May 7, 2025 hearing in place.

Kirk Brown's Motion to Dismiss is **Granted in Part**. The Court allows the EC Brown Corporation to substitute as the Defendant in this matter, and it will take up Kevin Brown's motion to dismiss at the May 7th hearing.

Electronically signed on 4/22/2025 6:56 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge

Vermont Superior Court
Filed 04/23/25
Windsor Unit